UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERIGNE SAMB,

        Petitioner,

                                      Case No. 1:26-cv-1618

v.

                                        HON. ROBERT J. JONKER

KEVIN RAYCRAFT, et al.,

        Defendants.

_____ /

## <u>ORDER RE: SUPPLEMENTAL BRIEFING</u>

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement. Respondents now ask the Court to dismiss the case without prejudice on failure to exhaust grounds. (ECF No. 4, PageID.25).

Before the Court decides the merits of Petitioner's claim, Respondents must submit further briefing to clarify its legal position. Respondents concede that under *Lopez Campos v. Raycraft*, ___ F.4th ____, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026), Petitioner is entitled to a bond hearing. (ECF No. 3, PageID.43). And they assert that the Court should dismiss without prejudice because if the Petitioner asks for a bond hearing, he will be given one. (*Id.*). Ordinarily, when the government concedes that the *Lopez-Campos* controls, this Court dismisses the case without prejudice on failure to exhaust grounds. *See Aray Bejarano v. Mullin*, No. 1:26-cv-1540, ECF No. 6 (W.D. Mich. May 22, 2026). But here, Petitioner asserts that "approximately 3 years ago," he was "paroled . . . into the United States under 8 U.S.C. § 1182(d)(5)(A)." (ECF No. 1, PageID.17). And he suggests that his parole was still active at the time of his arrest. (*Id.* at PageID.18). Typically, in cases where the Petitioner's has been paroled into the United States, the

government does not concede that the petitioner is entitled to a bond hearing under *Lopez-Campos*. *See Malashenko v. Raycraft*, No. 1:26-cv-1541, ECF No. 4, PageID.25-27 (W.D. Mich. May 14, 2026). Rather, it argues that the petitioner is lawfully detained under Section 1225(b) because they are "seeking admission." (*Id.*). Likewise, if the Court finds that if DHS improperly revoked a petitioner's parole before detaining him, the Court grants immediate release instead of ordering a bond hearing. *See, e.g.*, *Villasmil Ojeda v. Raycraft*, No. 1:26-cv-716, ECF No. 6, PageID.90-91 (W.D. Mich. April 17, 2026); *Benavente v. Raycraft*, No. 1:25-CV-1737, 2025 WL 3760755 (W.D. Mich. Dec. 30, 2025). Respondents, however, do not address Petitioner's alleged parole in their response. So the Court is unable to conclude whether this case is distinguishable from other cases where the Respondents move on failure to exhaust grounds.

Before granting Respondents' request to dismiss Petitioner's habeas petition on failure to exhaust grounds, the Court must first understand their position on Petitioner's parole status. Accordingly, Respondents have 7 days to clarify their legal position and whether Petitioner's parole either expired or was properly revoked before he was detained by ICE.

**IT IS SO ORDERED.**

Dated:   May 27, 2026    /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

2